FILED
06-30-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV004866
Honorable Kristy Yang-47
Branch 47

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

PAULETTE LASTER, individually and as
the personal representative of the Estate of
MYLES ELLIOT LASTER,

9170 Brandy Brook Trail
Brown Deer, WI 53223

     *Plaintiff,*

     v.

COUNTY OF MILWAUKEE
901 N 9th St, Room 105
Milwaukee, WI 53233

CITY OF MILWAUKEE
200 E. Wells St., Room 205
Milwaukee, WI 53202

     Docket No._____

JOHN DOE 1, and JOHN DOE 2
901 N 9th St, Room 105
Milwaukee, WI 53233

*Defendants,*

CITY CLERK'S OFFICE  2023 JUL -5 AM 9: 53  CITY OF MILWAUKEE

---

## SUMMONS

---

THE STATE OF WISCONSIN

To The Person Named Above as a Defendant:

OFFICE OF CITY ATTORNEY
06 JUL '23 AM09:38

1

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Milwaukee County Clerk of Circuit Court, 901 N 9th St, Milwaukee, WI 53233, and to The LaMarr Firm, Plaintiff's attorney, whose address is 5718 Westheimer Rd., Suite 1000, Houston, TX 77057. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 30th day of June 2023.

2

By:     *Electronically Signed by B'Ivory LaMarr*
B'Ivory LaMarr, Bar No. 1122469
The LaMarr Firm, PLLC
5718 Westheimer Rd
Suite 1000
Houston, TX 77057
Phone: (800) 679-4600
Email: blamarr@lamarrfirm.com
Attorney for Plaintiff

3

FILED
06-30-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV004866
Honorable Kristy Yang-47
Branch 47

**STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY**

PAULETTE LASTER, individually and as
the personal representative of the
 Estate of MYLES ELLIOT LASTER,

9170 Brandy Brook Trail
Brown Deer, WI 53223

    *Plaintiff,*

    v.

COUNTY OF MILWAUKEE
901 N 9th St, Room 105
Milwaukee, WI 53233

 CITY OF MILWAUKEE
200 E. Wells St., Room 205
Milwaukee, WI 53202

JOHN DOE 1, and JOHN DOE 2
901 N 9th St, Room 105
Milwaukee, WI 53233

*Defendants,*

Docket No._____

CITY CLERK'S OFFICE
2023 JUL -5 AM 9:53
CITY OF MILWAUKEE

OFFICE OF CITY ATTORNEY
06 JUL '23 AM09:38

## COMPLAINT AND JURY DEMAND

1.    COMES NOW the Plaintiff, PAULETTE LASTER, individually and as the personal

representative of the Estate of MYLES ELLIOTT LASTER, by and through her attorney,

and complaining of Defendants, MILWAUKEE COUNTY for acts or omissions of the

4

DEPARTMENT OF EMERGENCY SERVICES and CITY OF MILWAUKEE for acts or omissions of the MILWAUKEE POLICE DEPARTMENT, and, constitutional violations of JOHN DOE 1 AND JOHN DOE 2 states and alleges as follows:

## JURISDICTION AND VENUE

2.   The Jurisdiction of this court is proper pursuant to Wis. Stat. 801.50 (2)(a) as the claims asserted herein arose in Milwaukee County.

3.   The matters asserted herein are tort claims in excess of $5,000.00.

## PARTIES

4.   Plaintiff, PAULETTE LASTER, individually and as the personal representative of the Estate of MYLES is a natural person who is and was, at all times relevant, a citizen and resident of Brown Deer, County of Milwaukee, State of Wisconsin.

5.   The County of Milwaukee for acts or omissions of the Department of Emergency Services ("COUNTY") is and was, at all times relevant to this claim, a municipal agency which vetted and provided training to its employees and with whom the County of Milwaukee fulfills its emergency services functions.

6.   The City of Milwaukee for acts or omissions of the Police Department ("CITY") is and was, at all times relevant to this claim, a Milwaukee agency which vetted and provided training to its officers and of which the City fulfills its policing functions.

7.   JOHN DOE 1, employed by the Milwaukee County Department of Emergency Services as a Dispatcher, is and was, at all times relevant to this claim, responsible for receiving

2

emergency calls, providing advice to callers, and dispatching emergency units to specific locations as necessary.

8.   JOHN DOE 2, likewise employed by the Milwaukee County Department of Emergency Services as a Dispatcher, is and was, at all times relevant to this claim, responsible for receiving emergency calls, providing advice to callers, and dispatching emergency units to specific locations as necessary.

9.   Defendant COUNTY has a legal obligation under Wis. Stat. § 895.46 to satisfy any judgment if it is determined that its employees were acting within the scope of their employment at all times material hereto.

10.   Defendant CITY has a legal obligation under Wis. Stat. § 895.46 to satisfy any judgment if it is determined that its employees were acting within the scope of their employment at all times material hereto.

## CONSTITUTIONALLY PROTECTED INTERESTS

11.   As a citizen of the United States, MYLES was protected against conduct by state actors done with malice and/or reckless disregard to his rights under the Fourteenth Amendment to the United States Constitution.

12.   The Defendants' conduct, as described, demonstrates malice and/or reckless disregard towards MYLES's rights, thereby violating his rights under the Fourteenth Amendment of the United States Constitution. The conscious and reckless disregard shown by the

3

COUNTY, CITY, JOHN DOE 1, and JOHN DOE 2 towards MYLES's right to receive immediate emergency assistance following his 911 call directly resulted in his untimely death. Their acts or omissions were directly responsible for MYLES' personal injury, pain and suffering, and wrongful death.

## STATEMENT OF THE RELEVANT FACTS

13. On or about September 23, 2020, the Plaintiff, Paulette Laster, through her attorney, sent a formal Notice of Claim to the Milwaukee County Department of Emergency Services and the Milwaukee Police Department with tracking numbers, 70192280000026878381 and 70192280000026878374, respectively.

14. This Notice of Claim was duly given with the intention of making a claim for damages resulting from the aforementioned facts. Furthermore, a letter was also sent to the Attorney General, along with the attached copies of the Notice of Complaints.

15. On July 1, 2020, MYLES was involved in an altercation with KLUMPP near the intersection of 60th and Bradley Rd. in Milwaukee, WI.

16. During the intense confrontation, KLUMPP issued a grave threat to MYLES, stating that she "wanted him dead."

17.  At or around 6:21 PM, MYLES dialed 911 to report the altercation with KLUMPP, including the threats she made, and to request immediate police assistance due to the urgent nature of the situation.

18.  Following instructions from the 911 dispatcher, MYLES was advised to enter his car and await the arrival of the police.

19.  While enduring continuous harassment and threats from KLUMPP, MYLES complied with the instructions, firmly believing, in good faith, that the police would promptly arrive based on the information provided.

20.  Despite his compliance and enduring the ongoing harassment, MYLES grew increasingly concerned as approximately 21 minutes had passed since his first call, and the police had not yet arrived. Faced with the persistent threats from KLUMPP while following the instructions given by the police, MYLES made a second call to 911 at around 6:42 PM to seek immediate assistance.

21.  Upon information and belief, unbeknownst to MYLES, KLUMPP contacted two individuals who were known to both of them and allegedly asked, contracted, or persuaded them to carry out the act of murdering MYLES.

22.  At approximately 6:52 PM, a school surveillance camera captured a video showing MYLES sitting patiently inside his car, complying with the instructions given to him. Suddenly, the vehicle of the two men approached and stopped beside MYLES' car, at which point they proceeded to shoot him in the temple of his head.

23. A passerby who noticed the lifeless body of MYLES inside his car, with a visible gunshot wound to his head, immediately flagged a police officer down for assistance

24. The CITY finally responded to the incident and reached the scene at approximately 8:15 PM. This was a significant delay of about 2 hours from the moment MYLES initially called for immediate police assistance.

## COUNT I – NEGLIGENCE OF MILWAUKEE COUNTY FOR THE ACTS AND OMISSIONS OF THE DEPARTMENT OF EMERGENCY SERVICES

25. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

26. The individuals responsible for providing 911 emergency services, dispatching emergency response units, and taking physical action on the person of the Decedent, resulting in his injuries and death, was the County of Milwaukee for acts or omissions of the Department of Emergency Services (COUNTY)

27. During all relevant times, the COUNTY, acting through the operational actions of the 911 operator who informed that police officers will provide police assistance, had a duty to ensure the prompt and appropriate response, notification, alert, and dispatch of police officers to high-priority 911 calls. This duty encompassed the responsibility to provide timely and responsive assistance in emergency situations.

28. It is the duty of employees and/or agents of the COUNTY to protect the public which is generally recognized as a general duty owed to the public as a whole. A "special relationship" existed between MYLES and the COUNTY, at the time the COUNTY

became aware of MYLES' particular situation and unique status, which imposes a specific duty of protection to those who are in a vulnerable or dangerous situation.

29. The decedent's repeated calls for police assistance in the life-threatening situation further strengthened the special duty of protection owed by the COUNTY.

30. Furthermore, the COUNTY was aware of the potential harm that the individual, MYLES, faced when MYLES made not just one, but two calls, clearly stating that there was an ongoing threat to his life. Despite this knowledge, the appropriate actions were not taken to address and mitigate the potential harm faced by MYLES.

31. The COUNTY, in light of that knowledge of the potential harm faced by MYLES, voluntarily assumed the responsibility to protect him from the specific harm when they instructed MYLES to remain in his car and wait for the responding police officers. MYLES, placing his trust and reliance on their instructions, complied in good faith.

32. The special relationship between the COUNTY and MYLES eliminated the discretionary aspect from the policies of law enforcement agencies. As a result, the COUNTY has an absolute and unequivocal duty to protect and assist MYLES, particularly considering the circumstances of the incident and his repeated calls for assistance in a life-threatening situation. Therefore, the failure of the agencies to provide aid is a violation of this duty, ultimately leading to the tragic outcome of MYLES' death.

33. Pursuant to the Wisconsin Statutes Section 893.80(4), the Defendant, COUNTY, operating 911, is vicariously liable for the negligent acts, events, and/or omissions of its officers, employees, and/or agents, committed within the course and scope of said employees'

ministerial work/employment/job duties/ assignment being performed on behalf of the defendant.

34.   COUNTY is liable to the Plaintiffs and accountable for the damages, as outlined below, resulting from the violations committed by their employees, agents, and representatives. These violations include, but are not limited to, the following negligent acts and/or omissions:

    a.   Failure to adhere to established procedures and protocols for handling high-priority 911 calls.

    b.   Negligent training or supervision of employees, agents, and representatives involved in the dispatch of emergency responders.

    c.   Failed to classify an emergency call with the appropriate degree of urgency, resulting in a delayed or inadequate response to the situation at hand.

    d.   Provided false assurances to an emergency caller that help was on the way, potentially exacerbating the harm or injuries sustained by the Decedent.

    e.   Inadequate response times to urgent and life-threatening situations.

    f.   Failure to properly assess the severity and urgency of the reported emergencies.

    g.   Neglecting to prioritize and allocate appropriate resources to high-priority 911 calls.

h.  Failed to provide a timely and responsive response, notice, alert, and/or dispatch of emergency responders to the home of the Decedent, despite the urgent nature of the situation.

i.  Negligent communication or coordination with emergency response units.

j.  Neglecting to take necessary actions to prevent further harm or injury to the Decedent.

k.  Failed in their duty to maintain contact with the caller, neglecting to gather updates, provide support, and relay additional instructions as necessary during the incident.

l.  Failure to exercise due care in the performance of their duties.

35.  Throughout all relevant times, Decedent MYLES reasonably and justifiably relied on the duties, obligations, and assurances of the Defendant, COUNTY, to provide timely and responsive responses, notices, alerts, and dispatches of emergency responders to high-priority 911 calls and emergency situations in general.

36.  Specifically, during the call placed by MYLES to 911 on the occasion in question, MYLES conveyed that the Decedent was experiencing a grave and life-threatening emergency. In response to this urgent call, the 911 personnel did not refuse the request and explicitly assured Decedent, MYLES, that police officers were en route to the scene. Decedent, MYLES, placed trust and reliance on these assurances in good faith, expecting that the necessary assistance would be promptly provided to address the life-threatening emergency situation.

9

37.  The injury sustained by the Decedent is indeed one that, under normal circumstances, would not have occurred without the negligence on the part of the COUNTY. The COUNTY's negligence played a direct role in causing the injury suffered by the Decedent. Regrettably, as a consequence of this negligence, the Decedent experienced an untimely demise.

## COUNT II – NEGLIGENCE AGAINST THE CITY OF MILWAUKEE FOR THE ACTS AND OMISSIONS OF THE MILWAUKEE POLICE DEPARTMENT

38.  Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

39.  The individuals responsible for providing immediate police assistance to the incident that led to the injuries and subsequent death were employees, agents, and representatives who were under the exclusive control of the Defendant, the City of Milwaukee for acts or omissions of the Police Department (CITY).

40.  MPD's employees, agents, and representatives, in their capacity as police officers, have a duty to provide immediate assistance and protection when they receive a 911 call.

41.  It is the duty of law enforcement officers of the CITY to protect the public is generally recognized as a general duty owed to the public as a whole. A "special relationship" existed between MYLES and the CITY, at the time the CITY became aware of MYLES' particular situation and unique status, which imposes a specific duty of protection to those who are in a vulnerable or dangerous situation. The decedent's repeated calls for police assistance in the life-threatening situation further strengthened the special duty of protection owed by the CITY.

42.    Furthermore, the CITY was aware of the potential harm that the individual, MYLES, faced when MYLES made not just one, but two calls, clearly stating that there was an ongoing threat to his life. Despite this knowledge, the appropriate actions were not taken to address and mitigate the potential harm faced by MYLES.

43.    The CITY, in light of that knowledge of the potential harm faced by MYLES, voluntarily assumed the responsibility to protect him from the specific harm when they instructed MYLES to remain in his car and wait for the responding police officers. MYLES, placing his trust and reliance on their instructions, complied in good faith.

44.    The special relationship between the CITY and MYLES eliminated the discretionary aspect from the policies of law enforcement agencies. As a result, the CITY has an absolute and unequivocal duty to protect and assist MYLES, particularly considering the circumstances of the incident and his repeated calls for assistance in a life-threatening situation. Therefore, the failure of the agencies to provide aid is a violation of this duty, ultimately leading to the tragic outcome of MYLES' death.

45.    Pursuant to the Wisconsin Statutes Section 893.80(4), the Defendant, CITY, is vicariously liable for the negligent acts, events, and/or omissions of its officers, employees, and/or agents, committed within the course and scope of said employees' ministerial work/employment/job duties/ assignment being performed on behalf of the Defendant.

46.    CITY is liable to the Plaintiffs and accountable for the damages, as outlined below, resulting from the violations committed by their employees, agents, and representatives.

11

These violations include, but are not limited to, the following negligent acts and/or omissions:

    a.  Failure to promptly respond to the incident despite being informed of the urgent nature of the situation.

    b.  Delayed or inadequate response to the reported threat, resulting in a prolonged exposure to danger.

    c.  Negligent handling and prioritization of emergency calls, resulting in delayed or inadequate response to high-priority incidents.

    d.  Inadequate training or supervision of police personnel involved in the response to the incident.

    e.  Failure to provide necessary protection or secure the Decedent's safety in a timely manner.

    f.  Failure to exercise due care and follow established protocols and procedures in responding to emergencies.

    g.  Inadequate communication and coordination among police personnel, leading to delays in executing necessary interventions to protect the Decedent.

47.    The CITY, having taken on the responsibility to assist MYLES when he called for police assistance, had an obligation to fulfill this duty in a non-negligent manner. Due to the negligence of the CITY, MYLES' life-threatening situation worsened, ultimately resulting in his death.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 FOR THE STATE-CREATED DANGER AGAINST JOHN DOE 1 AND JOHN DOE 2

48.  Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

49.  The Plaintiff alleges that JOHN DOE 1 and JOHN DOE 2, acting on behalf of the COUNTY, created and increased the danger that ultimately led to an injury sustained by the Plaintiff.

50.  JOHN DOE 1 and JOHN DOE 2 bear direct responsibility for exacerbating the situation faced by MYLES. They explicitly directed him to remain confined within his vehicle and provided him with false assurances of law enforcement assistance, not just once but on two separate occasions, with a 21-minute interval, despite the persistent and imminent threat.

51.  Had MYLES not dutifully adhered to these instructions and assurances, in good faith, his untimely demise could have been entirely avoided.

52.  JOHN DOE 1 and JOHN DOE 2's failure to properly dispatch police officers, despite the imminent threat, directly facilitated the perpetrators' ability to carry out the heinous act of alleged homicide.

53.  JOHN DOE 1 and JOHN DOE 2's failure to observe protocols were the proximate cause of MYLES's tragic death by enabling the criminals to perpetrate their crime.

54.  JOHN DOE 1 and JOHN DOE 2's culpability surpasses mere negligence, particularly in light of the significant two-hour delay following MYLES's initial call. When MYLES faced an immediate and impending threat to his life, such an extensive delay is

unquestionably shocking. JOHN DOE 1 and JOHN DOE 2 actions not only demonstrate gross misconduct but also breach the limits of constitutional due process, unequivocally falling below the threshold of acceptability.

55.    Consequently, JOHN DOE 1 and JOHN DOE 2's actions, needlessly creating and increasing risks of harm, display a flagrant disregard for the safety and well-being of MYLES, effectively amounting to a form of deprivation of life without due process of law.

## COUNT IV - VIOLATION OF 42 U.S.C. § 1983 FOR THE ABUSE OF STATE POWER AGAINST JOHN DOE 1 AND JOHN DOE 2

56.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

57.    Defendants JOHN DOE 1 and JOHN DOE 2 both operating and acting in their personal and official capacity on behalf of the COUNTY, have the duty to dispense protective services undertaken by the state.

58.    Their conduct and manner as persons acting under the color of law in handling the situation that involved the Decedent was contrary to their duties and obligations which amounted to an abuse of power that violates the due process clause and resulted to the deprivation of MYLES' right to life.

59.    During the incident on July 1, 2020, MYLES made two consecutive calls to the 911 emergency services, with an approximate interval of 21 minutes between the calls. In response to his calls, JOHN DOE 1 and JOHN DOE 2, respectively, made a deliberate decision to violate his rights which resulted to the deprivation of MYLES right to life when

14

they instructed him to stay in the area where the altercation happened and within the confines of his vehicle, despite the threat to his life.

60. Defendants, JOHN DOE 1 and JOHN DOE 2 also had reason to believe that there was a substantial risk that MYLES might suffer grievous harm if the emergency responders or police assistance were withheld or denied and that the defendants deliberately, intentionally, and consciously imposed such risk on MYLES.

61. The actions of JOHN DOE 1 and JOHN DOE 2 demonstrated a reckless and arbitrary exercise of state power by failing to promptly dispatch police officers to MYLES after the 911 call, not just once, but on two separate occasions. In fact, it took approximately 2 hours for police officers to arrive and provide assistance, which is considered an unacceptably long response time given the typical expectations and requirements of their duty and protocol in such circumstances.

62. Had Myles not been instructed to stay and wait inside his car and not been assured that police assistance would come, his death could have been totally prevented.

63. The Defendants' delay or intentional failure to promptly respond cannot be attributed to honest error or mistaken judgment, especially considering their role as 911 dispatchers who explicitly assured MYLES that police officers would be arriving. This denial of assistance, without providing any articulable reason, by JOHN DOE 1 and JOHN DOE 2 clearly displayed a conscious indifference to the known substantial risks involved, further compounding the gravity of their actions.

64.    As a direct consequence of their reckless and arbitrary actions, MYLES was tragically

deprived of due process of the law, particularly his fundamental right to life. Hence,

constituting a clear violation of his constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following reliefs:

(a) Judgment entered in favor of Plaintiff and against Defendant on Counts I-IV of Plaintiff's

complaint and an award for compensatory damages;

(b) An award for non-economic damages to the Plaintiff in an amount determined by the jury

to be fair and reasonable;

(c) An award for non-economic damage to the Plaintiff, the statutory beneficiaries for loss of

society and companionship in an amount determined by the jury to be fair and reasonable;

(d) An award for economic damage in an amount determined by the jury to be fair and

reasonable;

(e) An award of prejudgment interest, attorney fees, costs and post-judgment interest in favor

of the Plaintiff and against the Defendant; and

(f) Such further and other legal and equitable relief as the Court may deem just and necessary

under the circumstances.

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated this 30th day of June 2023.

The LaMarr Firm

By: *Electronically Signed by B'Ivory LaMarr*
B'Ivory LaMarr, Bar No. 1122469
The LaMarr Firm, PLLC
5718 Westheimer Rd
Suite 1000
Houston, TX 77057
Phone: (800) 679-4600
Email: blamarr@lamarrfirm.com
Attorney for Plaintiff

17

FILED
06-30-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV004866
Honorable Kristy Yang-47
Branch 47

**STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE**

Paulette Laster vs. County of Milwaukee et al          **Electronic Filing Notice**

Case No. 2023CV004866
Class Code: Wrongful Death

---

CITY OF MILWAUKEE
ROOM 205
200 E WELLS ST
MILWAUKEE WI 53202

Case number 2023CV004866 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: fec82a**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: June 30, 2023

GF-180(CCAP), 11/2020 Electronic Filing Notice                    §801.18(5)(d), Wisconsin Statutes

Case 2:23-cv-01030-NJ   Filed 08/02/23   Page 21 of 37   Document 1-2
This document must not be modified or supplemented with additional material

FILED
07-28-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV004866
Honorable Kristy Yang-47
Branch 47

**STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY**

| | |
|---|---|
| PAULETTE LASTER, individually and as the personal representative of the Estate of MYLES ELLIOT LASTER,<br><br>9170 Brandy Brook Trail<br>Brown Deer, WI 53223<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF MILWAUKEE,<br>200 E. Wells St., Room 205<br>Milwaukee, WI 53202<br><br>BRANDON A. GATSON,<br>3927 N 11th St.<br>Milwaukee, WI 53206<br><br>TIMEKA R. PARKER,<br>200 E. Wells St., Room 205<br>Milwaukee, WI 53202<br><br>      Defendants. | Docket No. 2023CV004866 |

*(stamp: CITY OF MILWAUKEE 2023 JUL 31 PM 2:32 CITY CLERK'S OFFICE)*

### SUMMONS

THE STATE OF WISCONSIN

OFFICE OF CITY ATTORNEY
01 AUG '23 AM08:56

To Each Person Named Above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Milwaukee County Clerk of Circuit Court, 901 N 9th St, Milwaukee, WI 53233, and to The LaMarr Firm, Plaintiff's attorney, whose address is 5718 Westheimer Rd., Suite 1000, Houston, TX 77057. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 28th day of July 2023.

**The LaMarr Firm, PLLC**

By: *Electronically Signed by B'Ivory LaMarr*
B'Ivory LaMarr, Bar No. 1122469
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email:blamarr@bivorylamarr.com
Attorney for Plaintiff

2

FILED
07-28-2023
Anna Maria Hodges
Clerk of Circuit Court
2023CV004866
Honorable Kristy Yang-47
Branch 47

## STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

PAULETTE LASTER, individually and as the
personal representative of the Estate of MYLES
ELLIOT LASTER,

9170 Brandy Brook Trail
Brown Deer, WI 53223

      Plaintiff,

      v.                                Docket No. 2023CV004866

CITY OF MILWAUKEE,
200 E. Wells St., Room 205
Milwaukee, WI 53202

BRANDON A. GATSON.[1]
3927 N 11th St.
Milwaukee, WI 53206

TIMEKA R. PARKER,[2]
200 E. Wells St., Room 205
Milwaukee, WI 53202

      Defendants.



## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

[1] Previously JOHN DOE 1, now identified.
[2] Previously JOHN DOE 2, now identified.

3

1.    COMES NOW the Plaintiff, PAULETTE LASTER, individually and as the personal representative of the Estate of MYLES ELLIOTT LASTER, by and through her attorney, and complaining of Defendants, CITY OF MILWAUKEE for acts or omissions of the MILWAUKEE POLICE DEPARTMENT, and, constitutional violations of BRANDON A. GATSON and TIMEKA R. PARKER states and alleges as follows:

## JURISDICTION AND VENUE

2.    The Jurisdiction of this court is proper pursuant to Wis. Stat. 801.50 (2)(a) as the claims asserted herein arose in Milwaukee County.

3.    The matters asserted herein are tort claims in excess of $5,000.00.

## PARTIES

4.    Plaintiff, PAULETTE LASTER, individually and as the personal representative of the Estate of MYLES is a natural person who is and was, at all times relevant, a citizen and resident of Brown Deer, County of Milwaukee, State of Wisconsin.

5.    The City of Milwaukee for acts or omissions of the Police Department ("CITY") is and was, at all times relevant to this claim, a Milwaukee agency which vetted and provided training to its officers and of which the City fulfills its policing functions.

6.    BRANDON A. GATSON, individually, and in his official capacity, acting under the color of law, employed by the Milwaukee City as a Dispatcher, is and was, at all times relevant

4

to this claim, responsible for receiving emergency calls, providing advice to callers, and dispatching emergency units to specific locations as necessary.

7.      TIMEKA R. PARKER , individually, and in her official capacity,  acting under the color of law, likewise employed by the Milwaukee City as a Dispatcher,, is and was, at all times relevant to this claim, responsible for receiving emergency calls, providing advice to callers, and dispatching emergency units to specific locations as necessary.

8.      Defendant CITY has a legal obligation under Wis. Stat. § 895.46 to satisfy any judgment if it is determined that its employees were acting within the scope of their employment at all times material hereto.

## CONSTITUTIONALLY PROTECTED INTERESTS

9.      As a citizen of the United States, MYLES was protected against conduct by state actors done with malice and/or reckless disregard to his rights under the Fourteenth Amendment to the United States Constitution.

10.     The Defendants' conduct, as described, demonstrates malice and/or reckless disregard towards MYLES's rights, thereby violating his rights under the Fourteenth Amendment of the United States Constitution. The conscious and reckless disregard shown by the CITY, BRANDON A. GATSON and  TIMEKA R. PARKER towards MYLES's right to receive immediate police assistance following his 911 call directly resulted in his untimely death.

5

Their acts or omissions were directly responsible for MYLES' personal injury, pain and suffering, and wrongful death.

## STATEMENT OF THE RELEVANT FACTS

11.    On or about September 23, 2020, the Plaintiff, Paulette Laster, through her attorney, sent a formal Notice of Claim to the Milwaukee Police Department with tracking number, 70192280000026878374.

12.    This Notice of Claim was duly given with the intention of making a claim for damages resulting from the aforementioned facts. Furthermore, a letter was also sent to the Attorney General, along with the attached copies of the Notice of Complaints.

13.    On July 1, 2020, MYLES was involved in an altercation with KLUMPP near the intersection of 60th and Bradley Rd. in Milwaukee, WI.

14.    During the intense confrontation, KLUMPP issued a grave threat to MYLES, stating that she "wanted him dead."

15.    At or around 6:21 PM, MYLES dialed 911 to report the altercation with KLUMPP, including the threats she made, and to request immediate police assistance due to the urgent nature of the situation.

16.    Following instructions from the 911 dispatcher, MYLES was advised to enter his car and await the arrival of the police.

6

17.   While enduring continuous harassment and threats from KLUMPP, MYLES complied with the instructions, firmly believing, in good faith, that the police would promptly arrive based on the information provided.

18.   Despite his compliance and enduring the ongoing harassment, MYLES grew increasingly concerned as approximately 21 minutes had passed since his first call, and the police had not yet arrived. Faced with the persistent threats from KLUMPP while following the instructions given by the police, MYLES made a second call to 911 at around 6:42 PM to seek immediate assistance.

19.   Upon information and belief, unbeknownst to MYLES, KLUMPP contacted two individuals who were known to both of them and allegedly asked, contracted, or persuaded them to carry out the act of murdering MYLES.

20.   At approximately 6:52 PM, a school surveillance camera captured a video showing MYLES sitting patiently inside his car, complying with the instructions given to him. Suddenly, the vehicle of the two men approached and stopped beside MYLES' car, at which point they proceeded to shoot him in the temple of his head.

21.   A passerby who noticed the lifeless body of MYLES inside his car, with a visible gunshot wound to his head, immediately flag a police officer for assistance

22.   The CITY finally responded to the incident and reached the scene at approximately 8:15 PM. This was a significant delay of about 2 hours from the moment MYLES initially called for immediate police assistance.

7

## COUNT I – NEGLIGENCE AGAINST CITY OF MILWAUKEE FOR ACTS AND OMISSIONS OF THE MILWAUKEE POLICE DEPARTMENT

23.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

24.     The individuals responsible for providing immediate police assistance to the incident that led to the injuries and subsequent death were employees, agents, and representatives who were under the exclusive control of the Defendant, the City of Milwaukee for acts or omissions of the Police Department (CITY).

25.     MPD's employees, agents, and representatives, in their capacity as police officers, have a duty to provide immediate assistance and protection when they receive a 911 call.

26.     It is the duty of law enforcement officers of the CITY to protect the public is generally recognized as a general duty owed to the public as a whole. A "special relationship" existed between MYLES and the CITY, at the time the CITY became aware of MYLES' particular situation and unique status, which imposes a specific duty of protection to those who are in a vulnerable or dangerous situation. The decedent's repeated calls for police assistance in the life-threatening situation further strengthened the special duty of protection owed by the CITY.

27.     Furthermore, the CITY was aware of the potential harm that the individual, MYLES, faced when MYLES made not just one, but two calls, clearly stating that there was an ongoing threat to his life. Despite this knowledge, the appropriate actions were not taken to address and mitigate the potential harm faced by MYLES.

8

28.   The CITY, in light of that knowledge of the potential harm faced by MYLES, voluntarily assumed the responsibility to protect him from the specific harm when they instructed MYLES to remain in his car and wait for the responding police officers. MYLES, placing his trust and reliance on their instructions, complied in good faith.

29.   The special relationship between the CITY and MYLES eliminated the discretionary aspect from the policies of law enforcement agencies. As a result, the CITY has an absolute and unequivocal duty to protect and assist MYLES, particularly considering the circumstances of the incident and his repeated calls for assistance in a life-threatening situation. Therefore, the failure of the agencies to provide aid is a violation of this duty, ultimately leading to the tragic outcome of MYLES' death.

30.   Pursuant to the Wisconsin Statutes Section 893.80(4), the Defendant, CITY, is vicariously liable for the negligent acts, events, and/or omissions of its officers, employees, and/or agents, committed within the course and scope of said employees' ministerial work/employment/job duties/ assignment being performed on behalf of the Defendant.

31.   CITY is liable to the Plaintiffs and accountable for the damages, as outlined below, resulting from the violations committed by their employees, agents, and representatives. These violations include, but are not limited to, the following negligent acts and/or omissions:

a.   Failure to promptly respond to the incident despite being informed of the urgent nature of the situation.

9

b. Delayed or inadequate response to the reported threat, resulting in a prolonged exposure to danger.

c. Negligent handling and prioritization of emergency calls, resulting in delayed or inadequate response to high-priority incidents.

d. Inadequate training or supervision of police personnel involved in the response to the incident.

e. Failure to provide necessary protection or secure the Decedent's safety in a timely manner.

f. Failure to exercise due care and follow established protocols and procedures in responding to emergencies.

g. Inadequate communication and coordination among police personnel, leading to delays in executing necessary interventions to protect the Decedent.

32. The CITY, having taken on the responsibility to assist MYLES when he called for police assistance, had an obligation to fulfill this duty in a non-negligent manner. Due to the negligence of the CITY, MYLES' life-threatening situation worsened, ultimately resulting in his death.

## COUNT II - VIOLATION OF 42 U.S.C. § 1983 FOR THE STATE-CREATED DANGER AGAINST BRANDON A. GATSON and TIMEKA R. PARKER

10

33. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

34. The Plaintiff alleges that BRANDON A. GATSON and TIMEKA R. PARKER, acting on behalf of the CITY, created and increased the danger that ultimately led to an injury sustained by the Plaintiff.

35. Despite the call being categorized as Priority 1, both BRANDON A. GATSON and TIMEKA R. PARKER failed to maintain communication until the police arrived. The defendants should have continued to monitor the situation until it stabilized or was terminated.

36. BRANDON A. GATSON and TIMEKA R. PARKER bear direct responsibility for exacerbating the situation faced by MYLES. They explicitly directed him to remain confined within his vehicle and provided him with false assurances of law enforcement assistance, not just once but on two separate occasions, with a 21-minute interval, despite the persistent and imminent threat.

37. The defendants should have instructed MYLES to go to a safer place instead of remaining in the area. Their failure to provide such crucial guidance has put MYLES at further risk and could have potentially prevented harm or danger.

38. Had MYLES not dutifully adhered to these instructions and assurances, in good faith, his untimely demise could have been entirely avoided.

39. BRANDON A. GATSON and TIMEKA R. PARKER's failure to properly dispatch police officers, despite the imminent threat, directly facilitated the perpetrators' ability to carry out the heinous act of alleged homicide.

11

40.    BRANDON A. GATSON and TIMEKA R. PARKER's failure to observe protocols were the proximate cause of MYLES's tragic death by enabling the criminals to perpetrate their crime.

41.    BRANDON A. GATSON and TIMEKA R. PARKER's culpability surpasses mere negligence, particularly in light of the significant two-hour delay following MYLES's initial call. When MYLES faced an immediate and impending threat to his life, such an extensive delay is unquestionably shocking. BRANDON A. GATSON and TIMEKA R. PARKER's actions not only demonstrate gross misconduct but also breach the limits of constitutional due process, unequivocally falling below the threshold of acceptability.

42.    Consequently, the BRANDON A. GATSON and TIMEKA R. PARKER actions, needlessly creating and increasing risks of harm, display a flagrant disregard for the safety and well-being of MYLES, effectively amounting to a form of deprivation of life without due process of law.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 FOR THE ABUSE OF STATE POWER AGAINST BRANDON A. GATSON and TIMEKA R. PARKER

43.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

44.    Defendants BRANDON A. GATSON and TIMEKA R. PARKER both operating and acting in their personal and official capacity on behalf of the CITY, have the duty to dispense protective services undertaken by the state.

12

45.   Their conduct and manner as persons acting under the color of law in handling the situation that involved the Decedent was contrary to their duties and obligations which amounted to an abuse of power that violates the due process clause and resulted in the deprivation of MYLES' right to life.

46.   During the incident on July 1, 2020, MYLES made two consecutive calls to the 911 emergency services, with an approximate interval of 21 minutes between the calls. In response to his calls, BRANDON A. GATSON and TIMEKA R. PARKER, respectively, made a deliberate decision to violate his rights which resulted in the deprivation of MYLES's right to life when they instructed him to stay in the area where the altercation happened and within the confines of his vehicle, despite the threat to his life.

47.   Defendants, BRANDON A. GATSON and TIMEKA R. PARKER also had reason to believe that there was a substantial risk that MYLES might suffer grievous harm if the emergency responders or police assistance were withheld or denied and that the defendants deliberately, intentionally, and consciously imposed such risk on MYLES.

48.   The actions of BRANDON A. GATSON and TIMEKA R. PARKER demonstrate a reckless and arbitrary exercise of state power by failing to promptly dispatch police officers to MYLES after the 911 call, not just once, but on two separate occasions. In fact, it took approximately 2 hours for police officers to arrive and provide assistance, which is considered an unacceptably long response time given the typical expectations and requirements of their duty and protocol in such circumstances.

13

49.   Had Myles not been instructed to stay and wait inside his car and not been assured that police assistance would come, his death could have been totally prevented.

50.   The Defendants' delay or intentional failure to promptly respond cannot be attributed to honest error or mistaken judgment, especially considering their role as 911 dispatchers who explicitly assured MYLES that police officers would be arriving. This denial of assistance, without providing any articulable reason, by BRANDON A. GATSON and TIMEKA R. PARKER clearly displayed a conscious indifference to the known substantial risks involved, further compounding the gravity of their actions.

51.   As a direct consequence of their reckless and arbitrary actions, MYLES was tragically deprived of due process of the law, particularly his fundamental right to life. Hence, constituting a clear violation of his constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following reliefs:

(a) Judgment entered in favor of Plaintiff and against Defendant on Counts I-IV of Plaintiff's complaint and an award for compensatory and punitive damages;

(b) An award for non-economic damages to the Plaintiff in an amount determined by the jury to be fair and reasonable;

(c) An award for non-economic damage to the Plaintiff, the statutory beneficiaries for loss of society and companionship in an amount determined by the jury to be fair and reasonable;

(d) An award for economic damage in an amount determined by the jury to be fair and reasonable;

(e) An award of prejudgment interest, attorney fees, costs and post-judgment interest in favor of the Plaintiff and against the Defendant; and

(f) Such further and other legal and equitable relief as the Court may deem just and necessary under the circumstances.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Dated this 28th day of July 2023.

**The LaMarr Firm, PLLC**

By: *Electronically Signed by B'Ivory LaMarr*
B'Ivory LaMarr, Bar No. 1122469
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email:blamarr@bivorylamarr.com
Attorney for Plaintiff

**FILED**
**07-28-2023**
**Anna Maria Hodges**
**Clerk of Circuit Court**
**2023CV004866**

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY
_____

PAULETTE LASTER, individually and as
the personal representative of the Estate of
MYLES ELLIOT LASTER,

        Plaintiff,

v.                                       Case No. 23-CV-004866

COUNTY OF MILWAUKEE, CITY OF MILWAUKEE,
JOHN DOE 1, and JOHN DOE 2,

        Defendants.

_____

## NOTICE OF RETAINER
_____

        PLEASE TAKE NOTICE that the City Attorney, Tearman Spencer, by Assistant City

Attorney William Hotchkiss, represents and appears for the defendant, City of Milwaukee, in the

above-entitled action, and demands that a copy of all proceedings subsequent to the summons

and complaint herein be served at our office, at Suite 800, City Hall, 200 East Wells Street,

Milwaukee, Wisconsin 53202-3551.

        Dated and signed at Milwaukee, Wisconsin this 28th day of July, 2023.

                        TEARMAN SPENCER
                        City Attorney

                        *Electronically signed by William Hotchkiss*
                        WILLIAM HOTCHKISS
                        Assistant City Attorney
                        State Bar No. 1112878
                        *Attorney for Defendant*
                        *City of Milwaukee*

**ADDRESS:**
200 E. Wells Street
CH 800
Milwaukee, WI  53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: whotch@milwaukee.gov

1032-2023-1130:286470